**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* MARC SILVER, | : : : |
| Plaintiffs, | : : |
| v. | :   CASE NO.:  5:15-MC-9 (LJA) |
| OMNICARE, INC., *et al.*, | : : : |
| Defendants. | : : |

## ORDER

Before the Court is Mountain View Health & Rehab LLC's ("Mountain View") Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Doc. 1). Mountain View is a non-party in the matter of *United States of America, et al., ex rel. Marc Silver v. Omnicare, Inc., et al.*, 1:11-cv-01326-NLH-JA, currently pending in the United States District Court for the District of New Jersey, and has been subpoenaed to produce certain documents to Berger & Montague, PC, located at 1622 Locust St., Philadelphia, PA 19103 (the "Subpoena"). Mountain View is a Georgia limited liability company that operates a nursing home in Clayton, Georgia, and its principal address is in Bolingbroke, Georgia, both of which are located in the Middle District of Georgia.

Mountain View has moved to quash the Subpoena, contending that it impermissibly requires the production of documents at place in excess of the 100-mile geographical boundary set forth in Federal Rule of Civil Procedure 45. Mountain View further contends that the Subpoena is overbroad, requests confidential and proprietary information, and requires it to expend a considerable amount of time and expense to collect and review the requested documents.

Discovery of non-parties is governed by Federal Rule of Civil Procedure 45. Pursuant to the 2013 amendments of Rule 45, "a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required." *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala. 2014) (citing Fed. R. Civ. P. 45(a)(2), (d)(3)(A)). Furthermore, although a subpoena "may be served at any place within the United States," Fed. R. Civ. P. 45(b)(2), it may only compel compliance within the state or within 100 miles of where "the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c).

In determining the place of compliance, courts generally look to the face of the subpoena. *See Ellis v. Arrowood Indem. Co.*, No. 2:14-MC-00146, 2014 WL 4365273, at *3 (S.D.W. Va. Sept. 2, 2014) ("Most courts look to the subpoena to determine where compliance is required." (citing U.*S. Risk Ins. Grp., Inc. v. U.S. Risk Mgmt., LLC*, No. 3:11–CV–2843, 2014 WL 4055372, at *1 (N.D.Tex. Aug. 15, 2014))). While not directly addressed by the Eleventh Circuit, several courts have held that "when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion." *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393, 2014 WL 6706873, at *1 (N.D. Cal. Nov. 25, 2014) (quoting *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 14–CV–0708, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014)); *see also KGK Jewelry LLC v. ESDNetwork*, No. 11-CV. 9236, 2014 WL 1199326, at *3 (S.D.N.Y. Mar. 21, 2014) ("Jurisdiction over a motion to quash or modify, however, remains with 'the court for the district where compliance is required.'" (quoting Fed. R. Civ. P. 45(d)(3))).

Consistent with Rule 45, the Subpoena was properly issued by the United States District Court for the District of New Jersey, the Court in which the action is pending. However, the Subpoena requires Mountain View to produce the requested documents to Plaintiff's attorney in Philadelphia, PA. Because Philadelphia is located in the Eastern District of Pennsylvania, that is where compliance is required and the United States District Court for the Eastern District of Pennsylvania has jurisdiction to resolve Plaintiff's Motion to Quash. *See Ellis*, 2014 WL 4365273, at *3 ("Here, the subpoenas require Mr. Stowers and

Mr. Swartz to . . . produce the required documents in Charleston, West Virginia. Because Charleston is located in the Southern District of West Virginia, I have authority to resolve Arrowood's motion."); *U.S. Risk*, 2014 WL 4055372, at *1 (finding that where "[t]he subpoena commanded [non-party] to produce the documents in Dallas, Texas . . . . the district court for the Northern District of Texas is the [] proper court in which to seek relief because subpoena, by its terms, required compliance in Dallas, Texas"); *Semex Alliance v. Elite Dairy Genomics, LLC*, No. 3:14-CV-87, 2014 WL 1576917, at *1 (S.D. Ohio Apr. 18, 2014) (holding that the place of compliance was the United States District Court for the Northern District of Illinois because the subpoena required the production of documents in Chicago, IL); *Shaw Grp., Inc. v. Zurich Am. Ins. Co.*, No. 12-CV-257, 2014 WL 204244, at *2 (M.D. La. Jan. 17, 2014) (where subpoena "commands production at law office located . . . . in the Eastern District of Louisiana," the Court could not compel compliance with such subpoena because "the place of compliance for the subpoenas at issue [was] not in the Middle District of Louisiana"); *KGK Jewelry*, 2014 WL 1199326, at *3 (denying motions to quash where subpoenas required production of documents in the District of New Hampshire and the District of Rhode Island).

Had the Subpoena commanded Mountain View to provide Plaintiff with the right to inspect its premises, then this Court would have had jurisdiction to resolve the Motion, as the place of compliance would have been located in the Middle District of Georgia. However, because the Subpoena requires compliance in Philadelphia, this Court lacks jurisdiction to resolve the instant Motion. Indeed, the very basis upon which Mountain View contends the Subpoena should be quashed is that the place of compliance – Philadelphia, PA – is in excess of 100 miles from where Mountain View resides or transacts business. It is thus for the Eastern District of Pennsylvania to determine whether it has the power to compel Mountain View to produce the requested documents. Certainly, if that Court finds that Mountain View does not reside or transact business within Pennsylvania or within 100 miles of Philadelphia, as Mountain View contends, then it can quash the Subpoena. It is not, however, the province of this Court to determine whether Mountain View must produce documents in another jurisdiction.

Accordingly, in the interest of justice and efficiency, the Clerk of Court is hereby **DIRECTED** to **TRANSFER** this action to the United States District Court for the Eastern District of Pennsylvania to resolve Mountain View's Motion to Quash (Doc. 1).

**SO ORDERED**, this 11th day of August, 2015.

      /s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**